IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SIDEWINDER FILMS, LLC, | Civil No. 19-13992 (NLH/AMD) |
| Plaintiff, | |
| v. | |
| SIDEWINDER FILMS, LLC, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

This matter comes before the Court by way of Order to Show Cause dated May 20, 2020 issued in connection with Defendant Sidewinder Films, LLC's (hereinafter, "Defendant") failure to defend this matter and failure to appear for court-ordered conferences. (*See* Order to Show Cause [D.I. 25], May 20, 2020.) The Court decides this matter on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) in light of the dispositive nature of the recommendation. For the reasons set forth herein, and for good cause shown, the Court respectfully recommends that Defendant's answer be stricken.

The Court shall only recite those facts that are relevant to the present motion. Defendant filed its answer to the complaint

on January 8, 2020, and the Court conducted the initial scheduling conference on February 4, 2020. (*See* Answer [D.I. 11], Jan. 8, 2019; Scheduling Order [D.I. 14], Feb. 4, 2020.) Thereafter, counsel for Defendant, John A. Zohlman, III, Esquire, of Hagner & Zohlman, LLC, filed a motion to withdraw as counsel on February 26, 2020. (*See* Motion to be Relieved as Counsel [D.I. 15], Feb. 26, 2020.) The Court scheduled a telephonic hearing on the motion to withdraw for May 5, 2020 (*see* Scheduling Order [D.I. 19], Apr. 16, 2020); however, defense counsel did not notify his client to have a representative available for the hearing. The Court ordered that the motion hearing be continued to May 19, 2020 and that defense counsel advise Defendant that a representative of Defendant appear at the next hearing. (*See* Minutes of Proceedings [D.I. 20], May 5, 2020.) The Court issued a Scheduling Order on May 5, 2020 setting forth the date and time of the May 19, 2020 telephonic hearing and directing counsel for Defendant to "advise the representative of Defendant Sidewinder Films, LLC of the date and time of the [May 19, 2020] hearing by mailing a copy of [the] Order by first class mail and certified mail, as well as by email, and [to also] file proof of service on the docket." (See Scheduling Order [D.I. 21], May 5, 2020.) On May 18, 2020, the firm of Hagner & Zohlman, LLC filed proof of service on the docket indicating that a representative of Defendant was served with a copy of the

Court's Scheduling Order dated May 5, 2020. (See Proof of Service [D.I. 22], May 18, 2020.) On May 19, 2020, the Court conducted oral argument on the motion to withdraw with appearances as noted on the record. A representative of Defendant failed to appear. (*See* Minutes of Proceedings [D.I. 23], May 19, 2020.) The Court granted the motion to withdraw as counsel and directed that Defendant obtain new counsel within thirty (30) days. (See Order Granting Motion to Withdraw as Counsel [D.I. 24], May 20, 2020.) On that same date, the Court issued an Order to Show Cause in which the Court directed Defendant to appear for a telephonic hearing on July 9, 2020, "at which time Defendant shall show cause as to why an Order striking Defendant's answer should not be entered for failure to appear at the Court's hearing on May 19, 2020 and for failure to defend this case." (Order to Show Cause [D.I. 25], May 20, 2020, p. 2.) The Court further ordered Defendant to file and serve any papers to support its position, by no later than June 30, 2020, "as to why an Order striking Defendant's answer should not be entered" and that "*Defendant is on notice that failure to respond in accordance with this Order to Show Cause may result in the imposition of sanctions, including, without limitation, striking the answer, and may be deemed a contempt of Court.*" (*Id.* at pp. 2-3.) On June 15, 2020, the firm of Hagner & Zohlman, LLC filed proof of service on the docket indicating that a

3

representative of Defendant was served with a copy of the Court's Order granting withdrawal of counsel and Order to Show Cause dated May 20, 2020. (See Proof of Service [D.I. 26], June 15, 2020.) Defendant did not have new counsel enter an appearance on its behalf and did not file any papers in response to the Order to Show Cause. At the telephonic hearing on July 9, 2020, Defendant again failed to appear before the Court. (*See* Minutes of Proceedings [D.I. 28], July 9, 2020.)

Defendant Sidewinder Films, LLC is a limited liability company and therefore cannot appear in federal court *pro se*. *Erie Molded Plastics, Inc. v. Nogah, LLC*, 520 F. App'x 82, 84-85 (3d Cir. 2013) ("[a]s a general rule, if a corporation appears in federal court, it may do so only through licensed counsel") (citing *Rowland v. Cal. Men's Colony Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993)); *Beale v. Dep't of Justice*, No. 06-2186, 2007 WL 327465, at *3 (D.N.J. Jan. 30, 2007) (noting that the rationale permitting corporations to appear in federal courts only through licensed counsel "'applies equally to all artificial entities[,]'" and dismissing plaintiff limited liability company because of lack of appearance through an attorney) (quoting Rowland, 506 U.S. at 202). Defendant may appear only through a licensed attorney. In this case, no attorney has entered an appearance on Defendant's behalf after the Court granted defense

4

counsel leave to withdraw from the case. Therefore, the Court respectfully recommends that Defendant's answer be stricken.

**Any objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to Local Civil Rule 72.1(c)(2) and Federal Rule of Civil Procedure 72(b)(2).**

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

Dated: September 18, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| SIDEWINDER FILMS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> SIDEWINDER FILMS, LLC, <br><br> Defendant. | Civil No. 19-13992 (NLH/AMD) |

**PROPOSED ORDER**

This matter comes before the Court *sua sponte* in light of Defendant Sidewinder Films, LLC's failure to appear for court-ordered hearings; failure to respond to the Court's Order to Show Cause, failure to have counsel enter an appearance on its behalf, and failure to defend this case; and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the parties having been notified that they had fourteen (14) days from receipt of the Report and Recommendation to file and serve objections pursuant to Local Civil Rule 72.1(c)(2), and no objections having been received; and the Court having considered the papers submitted by the parties; and

the Court finding that the Report and Recommendation is neither clearly erroneous, nor contrary to law; and for good cause shown;

IT IS on this \_\_\_ day of _____ 2020 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Defendant's answer to Plaintiff's complaint [D.I. 11] shall be, and is hereby, stricken.

NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE