TYLER E. BAKER (New Jersey Bar No. 44392011)
**SHEPPARD, MULLIN, RICHTER & HAMPTON** LLP
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: (212) 653-8700
Email: tbaker@sheppardmullin.com
*Attorneys for Plaintiff Sidewinder Films, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

| | |
|---|---|
| SIDEWINDER FILMS, LLC, | CIVIL ACTION |
| Plaintiff, | Case No. 19-cv-13992-NLH-AMD |
| v. | Motion Day:  December 5, 2022 |
| SIDEWINDER FILMS, LLC, | |
| Defendant. | |

---

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF
SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES IN CONNECTION
WITH MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT**

---

## <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I. PRELIMINARY STATEMENT AND BACKGROUND ...................................1

II. ARGUMENT .................................................................................................4

     A.    Legal Standard ...........................................................................4

     B.    The Instant Action Is an "Exceptional" Case Warranting an Award of Attorneys' Fees ...........................................................4

     C.    Plaintiff's Counsel's Submitted Hours Worked Are Reasonable and the Work Performed Is Reasonably Described. ............................5

     D.    Plaintiff's Counsel's Rates Charged Are Reasonable For the Work Performed ......................................................................10

III. CONCLUSION ...........................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Baughman v. U.S. Liab. Ins. Co.*
  723 F. Supp. 2d 741 (D.N.J. 2010) ....................................................................10

*Chanel, Inc. v. Gordashevsky*
  558 F. Supp. 2d 532 (D.N.J. 2008) ..................................................................4, 5

*Cosmetic Warriors Ltd. v. Nailush LLC*
  No. 17–1475, 2017 WL 5157390 (D.N.J. Nov. 6, 2017) ....................................5

*Dee v. Borough of Dunmore*
  548 Fed. App'x 58 (3d Cir. 2013) ......................................................................10

*Fair Wind Sailing, Inc. v. Dempster*
  764 F.3d 303 (3d Cir. 2014) ................................................................................5

*Kaisha v. Lotte Int'l Am. Corp.*
  No. CV155477MCALDW, 2019 WL 5079571 (D.N.J. Oct. 10, 2019) ...........14

*L.J. ex rel. V.J. v. Audubon Bd. of Educ.*
  No. CIV. 06-5350 (JBS), 2009 WL 995458 (D.N.J. Apr. 13, 2009), *aff'd*,
  373 F. App'x 294 (3d Cir. 2010) ......................................................................8, 9

*Lugus IP, LLC v. Volvo Car Corp.*
  No. CIV.A. 12-2906 JEI/J, 2015 WL 1399175, at *7 (D.N.J. Mar. 26,
  2015) ..................................................................................................................12

*Octane Fitness, LLC v. ICON Health & Fitness, Inc.*
  572 U.S. 545 (2014)..............................................................................................5

*Public Interest Research Grp. of N.J., Inc. v. Windall*
  51 F.3d 1179 (3d Cir. 1995) ..............................................................................10

*Rode v. Dellarciprete*
  892 F.2d 1177 (3d Cir. 1990) ..............................................................................8

*Route1 Inc. v. AirWatch LLC*
  No. 17-CV-331 (KAJ), 2020 WL 1955436 (D. Del. Apr. 23, 2020) ................12

*Securacomm Consulting, Inc. v. Securacom Inc.*
  224 F.3d 273 (3d Cir. 2000) ................................................................4

*Smith v. Philadelphia Hous. Auth.*
  107 F.3d 223 (3d Cir. 1997) ..............................................................11

*Souryavong v. Lackawanna Cnty.*
  159 F. Supp. 3d 514 (M.D. Pa. 2016), *aff'd*, 872 F.3d 122 (3d Cir. 2017)
  ........................................................................................................7, 8

*Spicher v. The Artwork Factory*
  No. 1:15-CV-655, 2016 WL 3670877 (M.D. Pa. July 11, 2016)......................10

*Sundesa, LLC v. Tejarah Int'l Inc.*
  No. 20-cv-2609, 2020 WL 6781579 (D.N.J. Nov. 17, 2020)............................12

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*
  208 F.3d 981 (Fed. Cir. 2000) ...........................................................12

*Washington v. Phila. Cty. Court of Common Pleas*
  89 F.3d 1031 (3d Cir. 1996) ................................................................8

## **Statutes**

15 U.S.C. 1117(a) ...............................................................................4, 5

15 U.S.C. § 1117(a) ...........................................................................1, 4

Lanham Act........................................................................................4, 5

## **Other Authorities**

Fed. R. Civ. P. 54(d)(2)......................................................................1

Local Civil Rule 54.2 .........................................................................1

Pursuant to the Court's October 11, 2022 ORDER and PERMANENT INJUNCTION [D.I. 41] (and related October 11, 2022 OPINION [D.I. 40] (the "October 11 Opinion") (and previously moved-upon 15 U.S.C. § 1117(a), Fed. R. Civ. P. 54(d)(2), and Local Civil Rule 54.2)), Plaintiff Sidewinder Films, LLC ("Plaintiff"), by and through its undersigned counsel, Sheppard Mullin Richter & Hampton LLP ("Sheppard Mullin"), hereby submits this memorandum of law in support of its supplemental motion for an award of attorneys' fees against Defendant Sidewinder Films, LLC ("Defendant") in connection with its previous motion for entry of default judgment and for attorneys' fees [*see* D.I. 37] (the "Default Judgment and Fees Motion").

## I.  PRELIMINARY STATEMENT AND BACKGROUND

To reduce the amount of redundant paperwork submitted in support of the instant motion, Plaintiff expressly incorporates by reference, and refers the Court to, Plaintiff's prior arguments in support of its application for attorneys' fees in the Default Judgment and Fees Motion, as well as the Declaration of Tyler E. Baker In Support of Plaintiff's Motion For Entry of Final Judgment By Default and For Attorneys' Fees, dated October 26, 2021 ("Baker Declaration" or "Baker Decl."), and the exhibits submitted therewith.  [*See* D.I. 37-2, D.I. 37-3, D.I. 37-4, D.I. 37-5, D.I. 37-6.]  Plaintiff hereby renews its motion with respect to the request for an award for attorneys' fees, and respectfully seeks hereby to provide the Court with "additional support" for the request for attorneys' fees in order to address the

Court's expressed difficulty in determining "the reasonableness of the hours work

or rates charged" with the information previously provided by Plaintiff in

connection with the same. [*See* D.I. 40 at 22.]

Further, given the Court's comprehensive recitation of relevant facts and

legal issues pertinent to this case in previous orders and opinions, Plaintiff will

limit its description of facts and legal issues to those most pertinent to the instant

motion.

In reviewing Plaintiff's Default Judgment and Fees Motion, the Court

found that entry of default judgment was warranted "both on the merits and, in the

alternative as a sanction" based on "Defendant's failure to proceed with

representation as ordered or otherwise defend the action" which "prejudice[d]

Plaintiff as it prevents Plaintiff from proceeding with this case and obtaining

relief" and "no meritorious defense has been presented that would caution against a

entry of default judgment." [D.I. 40 at 9, 11.]   The Court further found that entry

of default as a sanction was proper based on Defendant's "personal responsibility"

in failing to "retain new counsel or otherwise participate in this matter," the

prejudice to Plaintiff based on Defendant's failure to participate, Defendant's

"clear history of dilatoriness" including failure to attend hearings and failure to

comply with Court orders, Defendant's willful or bad faith conduct in connection

with the same, and Defendant's "unchanged" behavior after nearly twenty-one

months.  [*See id.* at 12-15.]

In connection with its Default Judgment and Fees Motion, Plaintiff submitted true and correct copies of redacted Invoices issued by Sheppard Mullin to Plaintiff for legal services rendered for this action.  *See* Baker Decl. [D.I. 37-3] ¶ 26; Baker Decl. Ex. A [D.I. 37-4].  The unredacted portions of the Invoices indicated the legal services rendered by senior associate Tyler E. Baker ("Attorney Baker") for representation of Plaintiff in prosecuting this action, totaling $29,437.50.  *See* Baker Decl. [D.I. 37-3] ¶ 26; Baker Decl. Ex. A [D.I. 37-4].[1]  The Baker Declaration included a description of Attorney Baker's qualifications and experience, Sheppard Mullin's scope and recent recognition in the intellectual property practice space, Attorney Baker's applicable billed rates in connection with this litigation, and an overview of Attorney Baker's worked performed for Plaintiff in this action.  *See* Baker Decl. [D.I. 37-3] ¶¶ 27-32.

On October 11, 2022, the Court ordered that default judgment be entered against Defendant, issued the permanent injunctive relief against Defendant requested by Plaintiff in the Default Judgment and Fees Motion, and delayed ruling on Plaintiff's motion for attorneys' fees, ordering that "Plaintiff shall be afforded thirty (30) days to submit a motion detailing Plaintiff's entitlement to attorney's fees[.]"  [D.I. 41.]  The Court found that while the Court could not determine the

---

[1] The Invoices did not reflect the billed time incurred by other members of Sheppard Mullin in connection with this matter, and instead, Plaintiff has elected to seek fees incurred only by its primary attorney in this matter.  *See* Baker Decl. [D.I. 37-3] ¶ 26.

"reasonableness of the hours worked or rates charged with the information provided" with Plaintiff's Default Judgment and Fees Motion, "[t]his determination does not foreclose Plaintiff from submitting a motion for attorney's fees with additional support, which the Court will assess on the merits," and that Plaintiff could "supplement its application for attorney's fees." [D.I. 40 at 22-23.]

Plaintiff respectfully submits that, for the reasons explained herein, Plaintiff's supplemental motion for an award of attorneys' fees should be granted.

## II.  ARGUMENT

### A.  Legal Standard

As this Court has stated, "[t]he Lanham Act . . . provides for the award of reasonable attorney's fees 'in exceptional cases.' 15 U.S.C.  1117(a)." [D.I. 40 at 19.]  *See also Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 539 (D.N.J. 2008) (under the Lanham Act, "[r]easonable attorney's fees may be awarded in exceptional cases") (citing 15 U.S.C. § 1117(a) and *Securacomm Consulting, Inc. v. Securacom Inc.*, 224 F.3d 273, 280 (3d Cir. 2000)).

### B. The Instant Action Is an "Exceptional" Case Warranting an Award of Attorneys' Fees

"[E]xceptional cases include those where the Court has made a finding of willfulness. 15 U.S.C. § 1117(a)." *Chanel, Inc.*, 558 F. Supp. 2d at 539.  The Court has previously found willfulness on the part of Defendant here.  [*See* D.I. 40 at 14-15.] *See also Chanel*, *Inc.*, 558 F. Supp. 2d at 538 ("By defaulting,

Defendant . . . admits [Plaintiff]'s allegations that he acted willfully and had knowledge of [Plaintiff]'s ownership of the marks at issue, including its exclusive rights to use and license the marks and the goodwill associated with the marks."). Further, the Court has previously explained that "[a] case may be deemed 'exceptional' when '(a) there is an unusual discrepancy in the merits of the positions taken by the parties or (b) the losing party has litigated the case in an 'unreasonable manner.''" [*Id.* at 19 (citing *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 315 (3d Cir. 2014) (quoting *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014))]. This Court continued, "[u]nreasonableness in litigation may be found when, as is the case here, a party fails to litigate." [*Id.* (citing *Cosmetic Warriors Ltd. v. Nailush LLC*, No. 17–1475, 2017 WL 5157390, at *7 (D.N.J. Nov. 6, 2017)).]

In sum, the Court has previously concluded that, based on Defendant's failure to abide by its orders and litigate, Defendant has litigated in an unreasonable manner, and therefore this action qualifies as an "exceptional" case under the Lanham Act, entitling Plaintiff to an award of reasonable attorneys' fees. *See* 15 U.S.C. 1117(a); *Chanel, Inc.*, 558 F. Supp. 2d at 539.

### C. Plaintiff's Counsel's Submitted Hours Worked Are Reasonable and the Work Performed Is Reasonably Described.

In explaining the Court's review of Plaintiff's application for attorneys' fees, the Court's October 11 Opinion stated in part that "[t]he Court . . . cannot

determine the reasonableness of the hours worked." [D.I. 40 at 22.] Plaintiff

respectfully submits that the submitted hours worked in connection with this matter

are reasonable and sufficiently explained, to the extent required under controlling

case law, in the Baker Declaration and the Invoices exhibit submitted therewith.

[*See* D.I. 37-3, D.I. 37-4.] While the Court's October 11 Opinion observes that

"general tasks such as 'research' and 'review' of various documents similar to the

descriptions in the provided fee-rate sheets have led courts within the Third Circuit

to disregard time entries" [D.I. 40 at 21-22], Plaintiff respectfully submits that the

submitted time entries in the invoices are of sufficient level of description to

ascertain the reasonableness of the time incurred.

For example, the Invoices submitted do not contain vague entries simply

stating "reviewed documents" or "research." Rather, the submitted invoices

contain more specific entries which relate to a particular pleading, motion, or

discovery action, such as "Reviewed draft case management plan."; "Drafted and

revised opposition to motion to withdraw. Performed legal research in connection

with same."; "Reviewed defendant counsel's certificate of service and conferred

with T. Max on items for upcoming court conference."; "Performed legal research

and began drafting of motion papers for motion for default judgment in Sidewinder

action. Conferred with B. Rank on procedural points in connection with same.";

"Performed additional research in connection with motion for entry of default

judgment."; "Drafted new sections of default entry motion and performed legal

research on issues of permanent injunction and attorneys' fees.  Drafted declaration

in support of motion and reviewed docket entries in connection with same."  [*See,

e.g.,* D.I. 37-4 at February 13, 2020, April 15, 2020, June 4, 2020, April 22, 2021,

June 6, 2021, July 8, 2021 Invoices.]   Plaintiff respectfully submits that these

entries are distinguishable from the more general and vague descriptions such as

"Review litigation documents" or "Review pleadings" or "Review trial exhibits" or

"Legal research for case" that were disregarded in the *Souryavong v. Lackawanna

Cnty* decision cited in the Court's October 11 Order.  [*See* D.I. 40 at 21-22.]

Additionally, the submitted Invoices are also full of other specific entries

such as "Revised and served Plaintiff's [Rule 26(a)] initial disclosures."; "Revised

opposition to motion to withdraw."; "Prepared for and appear for court conference

regarding order to show cause in Sindwinder case."; "Conferred with court clerk

on motion requests.  Drafted correspondence to court in connection with same.

Emailed with E. Komen and T. Max regarding discussion with court."  [*See* D.I.

37-4 at February 13, 2020, April 15, 2020, August 21, 2020, September 17, 2020

Invoices.]  Each of the entries in the submitted Invoices was followed by a

particular billed time amount, specific to the tenth of an hour.  [*See* D.I. 37-4].

While certain entries show time for a grouping of billed activity (i.e., a block bill),

all the submitted Invoices and entries therein relate only to this litigation, and the

Third Circuit has made clear that "it is not necessary to know the exact number of

minutes spent nor the precise activity to which each hour was devoted nor the

specific attainments of each attorney." *Washington v. Phila. Cty. Court of Common Pleas*, 89 F.3d 1031, 1037 (3d Cir. 1996).  Plaintiff respectfully submits that the descriptions in the submitted Invoices are, under the examples set forth in *Washington* and *Souryavong*, "specific enough" for the Court "to determine if the hours claimed are unreasonable for the work performed." *Souryavong v. Lackawanna Cnty.*, 159 F. Supp. 3d 514, 535 (M.D. Pa. 2016), *aff'd*, 872 F.3d 122 (3d Cir. 2017) (quoting *Washington*, 89 F.3d at 1037); *see also Washington*, 89 F.3d at 1038 (attorney time entries were sufficient when they "provided enough information as to what hours were devoted to various activities and by whom for the district court to determine if the claimed fees are reasonable.") (citing *Rode v. Dellarciprete*, 892 F.2d 1177, 1191 (3d Cir. 1990)).

Moreover, even to the extent that one could argue that there is some vagueness in an attorney time entry, decisions by this Court have previously explained that "since the entries are dated, it is not difficult to line the billing entries up against the Docket to view the precise letter, order, etc., to which a billing entry corresponds." *L.J. ex rel. V.J. v. Audubon Bd. of Educ.*, No. CIV. 06-5350 (JBS), 2009 WL 995458, at *14 (D.N.J. Apr. 13, 2009), *aff'd*, 373 F. App'x 294 (3d Cir. 2010) (finding that attorney's records were "sufficiently specific," and entries such as "office conference" or "review letter from attorney" were not so vague that the court could not evaluate the reasonableness of the entry.).  Here, as a partial result of Defendant's refusal to participate in the action, the docket is

relatively simple and clearly spaced out such that it is clear from the dated submitted Invoices what attorney time is being spent in connection with which phase of the case, or a particular motion, or discovery submission. *See id.*   In addition, since Plaintiff is seeking an award for Attorney Baker's fees in this action *in toto*, rather than in connection with only a particular motion or deposition, there is no need to parse portions of particular entries in the submitted Invoices to determine whether or not they should be included in the award.

Furthermore, the actual time entries (meaning time amounts billed) in the submitted Invoices are reasonable and not excessive.  The vast majority of entries are between .20 and 2.0 hours (with no entry, even on a blocked basis, exceeding 4.3 hours), and all entries are for litigation tasks which are typical and regular for an associate, such as preparation of pleadings, drafting of discovery requests, conferring with opposing counsel, preparing and appearing for court conferences, and drafting of and research for motion papers.  *See* Baker Decl. Ex. A [D.I. 37-4]; Baker Decl. [D.I. 37-3] ¶¶ 31.  This is not an instance of extended or unnecessary billing, and all entries track the progression of the events in the Court's docket. *See* Baker Decl. Ex. A [D.I. 37-4].  Some of the billed time reflects continued and diligent efforts by Plaintiff's counsel to get Defendant to participate in this action, but the incursion of that time was necessary to prosecute the action in light of a counterparty that continually refused to obey this Court's orders.  *See generally* Baker Decl. [D.I. 37-3].

Thus, Plaintiff respectfully submits that the descriptions are sufficient for purposes of rendering an award and individual entries need not be disregarded for vagueness or lack of detail.

### D. Plaintiff's Counsel's Rates Charged Are Reasonable For the Work Performed

Courts in the Third Circuit, in assessing attorney fee awards, have recognized that "intellectual property litigation requires specialized skill and experience[.]" *Spicher v. The Artwork Factory*, No. 1:15-CV-655, 2016 WL 3670877, at *3 (M.D. Pa. July 11, 2016).  The Third Circuit has held that "[t]he starting point in determining a reasonable hourly rate is the attorney's usual billing rate." *Public Interest Research Grp. of N.J., Inc. v. Windall*, 51 F.3d 1179, 1185 (3d Cir. 1995).  However, because this is not dispositive, "the court should assess the experience and skill of the prevailing party's attorneys and compare their rates to the rates prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Baughman v. U.S. Liab. Ins. Co.*, 723 F. Supp. 2d 741, 748 (D.N.J. 2010); *Dee v. Borough of Dunmore*, 548 Fed. App'x 58, 62 (3d Cir. 2013) (an "attorney's reasonable hourly rate is the prevailing rate in a legal market for an attorney of similar experience and skill."). A fee applicant bears the burden of "producing sufficient evidence of what constitutes a reasonable market rate for the essential character and complexity of

-10-

the legal services rendered in order to make out a *prima facie* case." *Smith v.*

*Philadelphia Hous. Auth*., 107 F.3d 223, 225 (3d Cir. 1997).

Plaintiff respectfully submits that Attorney Baker's billing rates set forth in

the submitted Invoices ($690/hour in 2019, $775/hour in 2020, $825/hour in 2021)

are reasonable, and in line with rates charged by similarly experienced attorneys at

other firms comparable to Sheppard Mullin for similar intellectual property work

by a senior associate with tens years of litigation experience. *See* Baker Decl. [D.I.

37-3] ¶¶ 29, 32; Baker Decl. Ex. A [D.I. 37-4]; Baker Decl. Ex. B [D.I. 37-5].  In

its Default Judgment and Fees Motion, Plaintiff submitted as evidence in support

of the reasonableness of such fees true and correct excerpts from the 2021 edition

of the Report of the Economic Survey of the American Intellectual Property Law

Association (the "AIPLA Report"), identifying average hourly rates broken down

by, among other things, legal market, years of experience, and size of the law firm.

*See* Baker Decl. Ex. C [D.I. 37-6]; Baker Decl. [D.I. 37-3] ¶¶ 32-33.  The AIPLA

Report includes hourly rates for private firms by practice type of "Litigation-

Trademark Infringement $1-$10M" and shows that for firms of "60 or more

Attorneys" the mean hourly rate was $919, with varying rates from $375 in the

first quartile to $1,250 in the third quartile. *See* Baker Decl. [D.I. 37-3] ¶ 35; *id.* at

Ex. C [D.I. 37-6].  The average hourly fee of $787.10 set forth in Plaintiff's

attorneys' fees application falls within this range.  As the Court's October 11

Opinion observes, "Plaintiff is correct that AIPLA reports have previously been

used within the district to determine the reasonableness of hourly rates" [D.I. 40 at

22 (citing *Sundesa, LLC v. Tejarah Int'l Inc.*, No. 20-cv-2609, 2020 WL 6781579,

at *2 (D.N.J. Nov. 17, 2020)).[2]  Plaintiff respectfully clarifies that the AIPLA

Report data cited does not reflect New York City rates, but rather is based on input

regarding trademark litigation professional rates in several metropolitan areas,

including their "central city and surrounding areas," and including Philadelphia.

*See* Baker Decl. Ex. C [D.I. 37-6]; *see also* the Supplemental Declaration of Tyler

E. Baker, dated November 10, 2022 ("Supp. Baker Decl.") Ex. 1 (listing the

metropolitan areas that the AIPLA surveys, including the Philadelphia

Consolidated Metropolitan Statistical Area (CMSA)).[3]  The Court's October 11

Opinion states that the relevant rate for calculation of attorneys' fees is that of the

"Philadelphia/New Jersey legal market[.]" [D.I. 40 at 22.]  Plaintiff therefore

---

[2] "Reliance on [the AIPLA survey] has been held to be an appropriate way to
demonstrate that the attorneys' rates 'are in line with those prevailing in the
community for similar services of lawyers of reasonably comparable skill and
reputation.'"  *Route1 Inc. v. AirWatch LLC*, No. 17-CV-331 (KAJ), 2020 WL
1955436, at *3 (D. Del. Apr. 23, 2020) (quoting *View Eng'g, Inc. v. Robotic Vision
Sys., Inc.*, 208 F.3d 981, 987 (Fed. Cir. 2000).  Other decisions from the District of
New Jersey have looked to the AIPLA Report in assessing the reasonableness of IP
litigation fees, including for cases which took place, in part, in Camden, New
Jersey.  *See Lugus IP, LLC v. Volvo Car Corp.*, No. CIV.A. 12-2906 JEI/J, 2015
WL 1399175, at *7 (D.N.J. Mar. 26, 2015) (approving of rates in an intellectual
property case in 2015 in the range of $274.50-$895.50 for attorneys).

[3] The AIPLA Report defines a CMSA as "a metro area with a population of one
million or more."  *See* Supp. Baker Decl. Ex. 1 at excerpted page 10.

maintains that the AIPLA Report serves as a reasonable basis to justify an award of Attorney Baker's billed fees in the submitted Invoices.

However, to the extent that the Court maintains that the previously-cited statistics from the AIPLA Report are not geographically-specific enough to justify the requested rates here, the AIPLA Report also includes Philadelphia CMSA-specific information. *See* Supp. Baker Decl. Ex. 1. Specifically, the AIPLA Report includes fee information for "Average hourly billing rate 2020" for the category of "Private Firm, Partner-Track Attorney,"[4] and lists for Philadelphia CMSA a mean hourly rate of $482 per hour, with a median of $515 per hour.[5] *See* Supp. Baker Decl. Ex. 1. The AIPLA Report further includes fee information for "Average billing rate for IP work," and lists for Philadelphia CMSA a mean hourly rate of $491 per hour, with a median amount of $465 per hour, and a third quarter (75%) percentile of $664 per hour. *See* Supp. Baker Decl. Ex. 1.[6]

---

[4] The AIPLA Report describes "Partner-Track" attorneys as non-partner attorneys with an average of 9.7 years of IP attorney experience. *See* Supp. Baker Decl. Ex. 1. This category would cover Attorney Baker's situation as a partner-track senior associate at Sheppard Mullin with 10+ years of intellectual property litigation experience. *see* Baker Decl. [D.I. 37-3] ¶¶ 29-32.

[5] On the same page, the AIPLA Report also lists an hourly rate for attorneys with 10-14 years of "IP Law Attorney Experience" of $490, which is Attorney Baker's level of intellectual property litigation experience, and comparable to the rates cited in the previous sentence. *See* Supp. Baker Decl. Ex. 1; *see* Baker Decl. [D.I. 37-3] ¶ 32.

[6] On the same page, the AIPLA Report also lists an hourly rate for attorneys at firms "101 or more" lawyers a mean hourly rate of $601 per hour, with a median

Plaintiff therefore requests, in the event that the Court is not willing to grant an award of Attorney Baker's full submitted fees on this application, that the Court use the Philadelphia-specific rates information in the AIPLA Report as a basis of a lodestar amount from which a reasonable attorneys' fees amount can be determined, as such figures would be informative of rates for intellectual property specialized litigation work in "Philadelphia/New Jersey legal market[.]"  [D.I. 40 at 22.][7]  Plaintiff respectfully submits that the requested fees are reasonable both because (1) they represent only a portion of Plaintiff's actual attorneys' fees incurred in connection with prosecution of this case, and (2) the submitted rates are tailored to intellectual property litigation in the Philadelphia/New Jersey area for attorneys of comparable experience and skill level

### III.  CONCLUSION

For the above reasons, Plaintiff respectfully requests that Plaintiff be granted an award of requested attorneys' fees in connection with prosecution of this matter.

---

amount of $529 per hour, and a third quarter (75%) percentile of $740 per hour. *See id.*

[7] "The AIPLA Report includes a range of minimum billing rates and maximum billing rates for intellectual property work." *Kaisha v. Lotte Int'l Am. Corp.*, No. CV155477MCALDW, 2019 WL 5079571, at *3 (D.N.J. Oct. 10, 2019) (finding the AIPLA Report "persuasive" and relying on 2017 version of AIPLA Report in awarding attorneys' fees for intellectual property work).

Dated:  November 10, 2022

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: _____ /s/ Tyler E. Baker _____
Tyler E. Baker
30 Rockefeller Plaza
New York, New York 10112-0015
Telephone: (212) 653.8700
Email: tbaker@sheppardmullin.com

*Attorneys for Plaintiff Sidewinder Films, LLC*

<u>**CERTIFICATE OF SERVICE**</u>

I, TYLER E. BAKER, hereby declare that, on November 10, 2022, I caused a true and correct copy of **PLAINTIFF'S SUPPLEMENTAL MOTION FOR ATTORNEYS' FEES IN CONNECTION WITH MOTION FOR ENTRY OF FINAL JUDGMENT BY DEFAULT,** including all papers in support thereto and thereof, to be served on the last known address for Defendant's representative in this case by Federal Express overnight service:

John Raisola
12 Telford Lane
Mt. Laurel, New Jersey 08054

I further declare subject to the penalty of perjury that the foregoing is true and correct.

Executed this 10th day of November, 2022.

<u>*/s/ Tyler E. Baker*</u>
Tyler E. Baker

-16-